**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JANE DOE (C.A.A.), an individual, | Civil Action No. 3:24-cv-01229-N |
| Plaintiff, | |
| v. | |
| HYATT CORPORATION; *et al*., | |
| Defendants. | |

**LOTUSTEL GROUP, LLC'S MOTION AND BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant Lotustel Group, LLC ("Lotustel") moves to dismiss Plaintiff's Third  Amended Complaint (Doc. 70) with prejudice pursuant to Rule 12(b)(6), as follows:

## I.     Introduction

This Court previously dismissed Plaintiff's causes of action alleging violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA") against Lotustel and the other defendants finding that Plaintiff's "allegations fail[ed] because the plaintiff-specific facts alleged in the [Second Amended] Complaint are not sufficient to put any hotel defendant on notice of sex trafficking as opposed to commercial sex generally." *See* Doc. 69, at 11. It should do so again.

On August 14, 2025, Plaintiff filed her Third Amended Complaint (the "Third Amendment") purporting to allege a cause of action for beneficiary liability under the TVPRA against Lotustel. Although the Third Amendment is 5 paragraphs longer than the SAC, the Third Amendment is nearly identical to the previously dismissed SAC.[1]

Like the SAC, the Third Amendment evokes conclusory, boilerplate, and formulaic

---

[1] The only change made to some the allegations in the SAC was to split them into multiple paragraphs. *E.g., compare* Doc. 33, ¶67 and Doc. 70, ¶63-65.

allegations about trafficking in the hotel industry generally, random purported online reviews dated years after the fact, and supposed "red flags." *Compare* Doc. 33 and Doc. 70. Not only are these the same conclusory allegations this Court previously held insufficient to plead a viable TVPRA claim against Lotustel, but they are also the same boilerplate, conclusory, and formulaic allegations that can be found in different complaints filed by different plaintiffs across the multitude of hotel-based TVPRA claims that are pending in courts across the country. [2]  The only attempt Plaintiff made to cure the SAC's deficits are two new allegations that Plaintiff was allegedly beaten "*prior to arriving*" at the hotel and involved in a confrontation with her alleged trafficker in the parking lot. Doc. 70, ¶98 (b) & (h). However, because Plaintiff failed to allege facts demonstrating that Lotustel or its staff had reason to know of the alleged incidents, the new allegations are insufficient to save Plaintiff's claims.

Plaintiff alleges that Lotustel participated in a venture with her alleged trafficker merely by renting a room on two separate one-night occasions and accommodating the alleged trafficker's room preferences. However, there are no allegations that could support an inference that Lotustel and the alleged trafficker had a common business objective or shared in profits, expenses, and risks. Thus, thus the Third Amendment merely alleges an arms'-length hotel-guest relationship between Lotustel and alleged trafficker, not a "venture."

Finally, good cause does not exist to grant Plaintiff a fourth opportunity to amend because she cannot allege sufficient facts to state viable TVPRA cause of action against Lotustel. Plaintiff admits that the only reasons Lotustel knew or should have known she was allegedly being trafficked is "based on the constant flow of different men entering and exiting her room at all

---

[2] As noted by the Eastern District of Michigan in dismissing TVPRA claims, the "red flags" of trafficking allegedly occurring at the subject hotel "also appear in other complaints, involving other trafficking victims from across the country, nearly verbatim." *Doe (K.H.) v. R-Roof VI LLC*, No. 23-CV-11422, 2025 WL 97620, at *6 (E.D. Mich. Jan. 14, 2025) (citing multiple cases).

hours, … the way she was dressed[,] [and] Plaintiff's trafficker would linger around the hotel or parking lot while other men were in the room," and she never communicated with any of Lotustel's staff about her alleged trafficking. Exhibit 1, at First Supplemental Answer to Interrogatories No. 2 & 3. Plaintiff's admissions are the same non-plaintiff -specific "facts" found insufficient to plead a viable TVPRA claim. Accordingly, the admission cannot support a fourth attempt by Plaintiff to plead a viable TVPRA as against Lotustel. Therefore, Lotustel respectfully requests the Court grant its motion and dismiss the Third Amendment, as against Lotustel, with prejudice.

## II.      Motion to Dismiss Standard

When considering a Rule 12(b)(6) motion, the Court construes the well-pleaded factual allegations in the non-movant's favor accepting them as true. *See E.S. v. Best W. Int'l, Inc.*, 510 F. Supp.3d 420, 425 (N.D. Tex. 2021) (citing *Kopp v. Klein*, 722 F.3d 327, 333 (5th Cir. 2013)). "The Court is not, however, 'bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The allegations pleaded must show more than a sheer possibility that a defendant has acted unlawfully." *Doe #9 v. Wyndham Hotels & Resorts, Inc.*, No. 4:19-CV-5016, 2021 WL 1186333, at *1 (S.D. Tex. 2021) (quoting *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016)). Courts "do not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Id.* (quoting *Chhim*, 836 F.3d at 469). To survive dismissal, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.      Points and Authorities'

The elements of a TVPRA claim are that a specific defendant "(1) 'knowingly benefit[ted] financially or by receiving anything of value,' (2) from participation in a venture, (3) they 'knew

or should have known has engaged in' sex trafficking under" the TVPRA. *E.S. v. Best W. Int'l, Inc.*, 510 F. Supp.3d 420, 426 (N.D. Tex. 2021) (quoting *J.C. v. Choice Hotels Int'l, Inc.*, No. 20-CV-0155, 2020 WL 6318707, at *4 (N.D. Cal. Oct. 28, 2020).

> **1.** **Plaintiff failed to plead sufficient facts demonstrating that Lotustel participated in a venture that violated the TVPRA.**

Plaintiff alleges Lotustel participated in a venture with her allege trafficker by providing him with hotel services ( "Venture 1") or via its supposed involvement in a "commercial hotel-operating venture" with the IHG Defendants ("Venture 2"). Doc. 70, ¶¶ 163 and 172. Neither allegation is sufficient to plead the participation in a venture element of her claims.

As an initial matter, this Court previously held that "a franchisor–franchisee relationship" is insufficient "to establish a venture under TVPRA." Doc. 69 at 8. Nevertheless, the Third Amendment still alleges that "the IHG Franchisor Defendants and their Franchisees . . . participat[ed] in a commercial hotel-operating venture at their Subject Holiday Inn locations." Doc. 70, ¶ 172. This allegation is insufficient as a matter of law. Doc. 69 at 8.

This Court has also held that allegations of "renting rooms or having a franchisor–franchisee relationship" are insufficient to plead that a hotel participated in a venture under § 1595(a). Doc. 69 at 8. However, the Court previously found allegations that Lotustel, *inter alia,* had a "continuous business relationship … with the population of traffickers operating out of" its hotel were sufficient to plead the participation in venture element. *Id*. at 9. The Court reasoned the allegations "br[ought] the actions of staff at the franchisee hotels beyond a simple failure to curtail trafficking and beyond the realm of an ordinary commercial transaction." *Id.*

However, the allegation that "[t]he population of traffickers, including Jane Doe (C.A.A.)'s, were familiar to the [hotel] staff," is conclusory as there are no factual allegations to support an inference that Lotustel actually knew who Plaintiff's alleged trafficker was, much less

that it associated with him for the purpose of sex trafficking or any other common objective. There are no factual allegations in the Third Amendment that either describe the staff at the Lotustel' hotel or that could support the inference that the staff was "familiar" with Plaintiff's alleged trafficker. Doc. 70, ¶169.

The Court "need not reconcile contradictory allegations or accept them as true in deciding a motion under Rule 12(b)(6)." *Ramirez v. Haverty Furniture Companies, Inc.*, No. 3:23-CV-778-N-BK, 2023 WL 9231456 *2 (N.D. Tex. 2023). Because Plaintiff failed to allege facts "connecting the dots" between Lotustel or its employees and Plaintiff's alleged traffickers, she failed to sufficiently plead that Lotustel participated in a venture with the alleged trafficker.

However, even assuming these allegations are somehow sufficient to demonstrate that Plaintiff's alleged trafficker was familiar with Lotustel or its staff and Plaintiff was given a room in the back of a hallway, those allegations do not infer that Lotustel participated in a venture with Plaintiff's alleged trafficker. This is because Plaintiff failed allege a "shared enterprise" or "common purpose" between Lotustel and her trafficker or that Lotustel "own[ed] [any] interest in [Plaintiff's trafficker's] venture" or "share[d] in the [trafficker's] profits and risks." *Doe 1 v. Apple Inc.*, 96 F.4th 406, 415–16 (D.C. Cir. 2024) (finding an alleged "continuous business relationship" between tech companies and suppliers merely showed an arm's-length relationship involving an agreement to buy and sell cobalt, not "participation in a venture"). For instance, there are no allegations that Lotustel received a kickbacks or that Lotustel encouraged sex tourism because it made money from the "johns." See *Parker v. Bally's Corp.*, 2025 WL2421231 *6 (D. Nev. Aug. 20, 2025) (venture sufficiently plead based on allegations that the defendant encouraged sex tourism, used facial recognition software to identify and remove unattractive sex workers, and had an unspoken rule no to arrest "johns" on the property); *R.T. v RRI West Management*, LLC, 2025

WL 961531*3 (W.D. Wash. Mar. 31, 2025) (venture sufficiently plead based on allegations that employee were paid to act as lookouts). Instead, the Third Amendment merely alleges that the Lotustel provided the alleged trafficker with services that can be "reasonably . . . expected in an ordinary commercial transaction" between a hotel and its guest, such as the rental of hotel rooms and the accommodation of a guest's hotel preference regarding room location. Doc. 69 at 8. These "allegations do not suggest hotel employees engaged in conduct outside the scope of their ordinary responsibilities, let alone any kind of 'tacit agreement' with [the plaintiff's] trafficker to engage in [an] alleged sex trafficking venture." *See B.J. v. G6 Hosp., LLC*, No. 22-CV-03765-MMC, 2023 WL 3569979, at *5 (N.D. Cal. May 19, 2023) (finding insufficient allegations of ordinary hotel services, such as "housekeeping staff…providing an inordinate amount of supplies, including linens, sheets, and cleaning agents"); *see also S.B.C. v. Six Continents Hotels, Inc*, 2025 WL 2637655, at *15 (W.D. Wash. Sept. 12, 2025) ("Plaintiff alleges only conduct within the bounds of a traditional hotel-guest relationship, including renting hotel rooms, allowing guests to use their preferred form of payment (in this case cash), not entering rooms with 'Do Not Disturb' signs, and providing fresh towels and sheets upon request . . . This on its own is insufficient to allege participation in a venture."); *N.G. v. G6 Hosp. LLC*, No. 6:24-CV-2379-JA-DCI, 2025 WL 2676101, at *1 (M.D. Fla. Sept. 18, 2025) (same). Accordingly, at most Plaintiff has alleged an arm's-length commercial relationship is insufficient to state a claim under the TVPRA. *Apple Inc.*, 96 F.4th 406 at 415–16. Therefore, Lotustel respectfully ask the Court to reconsider its determination that Plaintiff sufficiently plead the "participation" element of her TVPRA claim."

    **1.**      **Plaintiff fail to plead sufficient facts demonstrating Lotustel knew or should have known that Plaintiff was being trafficked.**

Pleading a viable TVPRA claim also requires alleging "plaintiff-specific facts" demonstrating that the defendant "h[as] at least constructive knowledge" of the specific TVPRA

violation at issue in the case." Doc. 69 and n. 3. In addition, the "TVPRA does not prohibit all commercial sex, only that which is procured through "means of force, threats of force, fraud, coercion . . . or any combination of such means." *Id.* at 12 (quoting 18 U.S.C. § 1591(a)). Thus, to effectively allege the knowledge element of a TVPRA claim, Plaintiff must allege facts demonstrating that Lotustel had, at least, constructive knowledge that Plaintiff was engaging in commercial sex at its property because of her trafficker's "force, fraud, [or] coercion." *See id*.

When dismissing the SAC, the Court found that Plaintiff failed to plead "facts suggesting force or coercion that would allow the Court to infer that hotel employees should have known that human trafficking was occurring, as opposed to other criminal conduct, such as prostitution." *Id.* Plaintiff attempted to cure the SAC's pleading defects by adding two allegations to the Third Amendment. Specifically, Plaintiff alleges:

- "Jane Doe (C.A.A.) was involved in an incident where she was badly beaten immediately prior to arriving at the Garland Holiday Inn and arrived with apparent signs of physical assault"; and

- "In the parking lot of the Garland Holiday Inn, Jane Doe (C.A.A.) was involved in a violent confrontation with her trafficker wherein the trafficker attempted to strike her with a truck before forcing her back into the room, where additional sex buyers subsequently arrived."

Doc. 70, ¶98(b) & (h). However, these conclusory allegations fail to sufficiently plead the knowledge element because they do not describe any specific interactions with hotel staff or instances when Lotustel could have observed them.

Multiple courts have recently found similar allegations generally alleging violence without facts demonstrating specific interactions with hotel staff or instances where the staff observed it are were insufficient to plead constructive knowledge. *See Parker v. Bally's Corporation*, 2:24-cv-01880-CDS-MDC, 2025 WL 2421231 *6 (D. Nev. Aug. 12, 2025) (dismissing beneficiary liability cause of action alleging plaintiff "was often visibly bruised, and, over time, became

thinner and bore scars from past beatings" as "[c]onclusory statements that certain things are 'obvious signs of sex trafficking' [that] do not satisfy the pleading standard."); *B.J. v. G6 Hospitality Property, LLC*, 3:25-cv-05057-DGE, 2025 WL 1837620 at *6 (W.D. Wash. Jul. 3, 2025) (allegation that "she would 'interact' with staff while visibly bruised and in sexually explicit clothing… but… fail[ed] to identify or describe… specific interactions with hotel staff or instances where the staff witnessed violence or coercion" insufficient to plead constructive knowledge).

The Third Amendment's conclusorily allegation that "[m]ultiple employees at the subject Holiday Inn locations named herein, including management-level employees, observed, or were made aware of these obvious signs of trafficking while acting within the scope and course of their employment" is insufficient to demonstrate the specific interactions or instances needed to create a connection between Plaintiff's violence allegations and Lotustel's alleged knowledge. Doc. 70, ¶ 99. This is because it is devoid of any factual allegation specific to Plaintiff, her trafficker, Lotustel, or its staff. Compare Doc. 70, ¶¶ 93, 99 and ¶ 85 (alleging that, at the Hyatt-branded hotel, after Plaintiff "was attacked, physically beaten, and dragged into the hotel room, a hotel employee brought her some personal belongings, stating they had been found near the trash bin in the back where the assault occurred," and "[t]he hotel employee did not call the police or offer help . . . despite apparent injury to her body"). This allegation is the epitome of "conclusory" because it contain no facts linking it to the fact of this case. As such, these allegations are insufficient to show a plausible entitlement to relief and "will not suffice to prevent a motion to dismiss." *See Ristow v. Hansen*, 719 Fed. Appx. 359, 362 (5th Cir. 2018),=.

**C.    Plaintiff is not entitled to a fourth opportunity to amend her Complaint.**

Plaintiff has amended her complaint three times and still failed to state a viable claim; she should not be given a fourth opportunity to do so. See Docs. 15, 33, and 70. More importantly, Plaintiff cannot allege sufficient facts to state viable TVPRA cause of action. Plaintiff has admitted

that the only reasons Lotustel knew or should have known she was allegedly being trafficked is "based on the constant flow of different men entering and exiting her room at all hours, … the way she was dressed[,] [and] Plaintiff's trafficker would linger around the hotel or parking lot while other men were in the room." Exhibit 1, at First Supplemental Answer to Interrogatory No. 2. These are the same type of non-plaintiff-specific "facts" that this Court already found are insufficient to plead a viable TVPRA claim.  Courts routinely dismiss lawsuits with prejudice when a plaintiff has been afforded an opportunity to amend a complaint but still failed to state viable claims. *See*, *e.g*., *Doe v. Dallas Indep. Sch. Dist*., 194 F. Supp. 3d 551, 568 (N.D. Tex. 2016). Thus, the Third Amendment should be dismissed with prejudice.

### IV.    Conclusion

The Third Amended Complaint fails to plead sufficient facts to allege a viable TVPRA cause of action against Lotustel Therefore, this Motion should be granted, and the Third Amended Complaint should be dismissed as against Lotustel with Prejudice.

Dated: September 29, 2025                  Respectfully submitted,


**TYSON & MENDES, LLP**

/s/ Thera A. Cooper
Thera A. Cooper
Texas Bar No. 240975322
tcooper@tysonmendes.com
222 Las Colinas Blvd., Ste. 1650
Irving, Texas 75039
Telephone:(713)778-4604
Facsimile: (713)547-5158

**ATTORNEYS    FOR    LOTUSTEL GROUP, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 25, 2025, a true and correct copy of the above foregoing document was served on the counsel of record via the Court's CM/ECF system.

*/s/ Thera A. Cooper*
Thera A. Cooper